JUSTICE HUNT
dissenting.
¶29 I dissent. The medical testimony in this case was given primarily by Dr. William Stratford, a Missoula, Montana, board-certified psychiatrist, and by Dr. David Faust, on behalf of the insurance company. Dr. Stratford treated the claimant from October 1989, through the time of the trial, a period of about six years, and found that claimant suffered from a schizoaffective disorder, or schizoaffective schizophrenia. Dr. Stratford treated him with counseling and various psychotropic medications. Dr. Stratford testified that in his opinion claimant was not malingering, and that his mental illness was precipitated by the needle stick incident and that it was totally disabling. The record shows that the claimant could work prior to the *364 needle incident and thereafter became totally disabled. The claimant was paid compensation for the total disability.
¶30 Dr. David Faust testified on behalf of EBI/Orion Group and based his testimony on the records he reviewed. He did not at any time examine the claimant but explained to the court that he could give an expert opinion based on the claimant’s test results and Dr. Stratford’s records of treatment. Dr. Faust admitted he had never directly expressed an opinion that an individual is malingering before this case, but was prepared to do so here because he had never seen a case of such “overwhelming” evidence of malingering. Dr. Faust was in the courtroom and observed the claimant during the proceedings. The only time he observed the claimant outside of the courtroom was during a recess when he saw the claimant lighting a cigarette for another person. Dr. Faust thought claimant’s conduct during this act was more like his normal self rather than the act he was putting on in the courtroom. There is no explanation of the difference in conduct.
¶31 While I agree with the majority opinion that a treating physician’s opinion is not always conclusive it must still be given the weight it deserves. But, I believe that in this case, the treating physician who treated the claimant for a period of six years and testified that claimant was injured as claimed and is presently totally disabled, is far more credible and believable than any other evidence produced to show that claimant was not disabled.
¶32 I do not agree with the majority opinion that there is substantial credible evidence to support the finding that Blythe feigned his illness. From my examination of the record, I conclude that the evidence is otherwise and, for that reason, I would reverse the judgment of the Workers’ Compensation Court.